UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA J. NOWAK, individually and as personal representative of the Estate of RICHARD A. NOWAK,<br><br>Plaintiff,<br><br>v.<br><br>ENCOMPASS INDEMNITY COMPANY,<br><br>Defendant. | NO.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT ENCOMPASS INDEMNITY COMPANY**<br><br>**Pierce County Superior Court**<br>**Cause No.** 21-2-07577-2<br><br>**(Clerk's Action Required)** |

Pursuant to 28 U.S.C. § 1441, Defendant Encompass Indemnity Company ("Encompass"), hereby removes the above-captioned lawsuit from the Superior Court of Pierce County, Washington, where it is currently pending, to the United States District Court for the Western District of Washington at Tacoma. In support of this Notice of Removal, Encompass states as follows:

## I. PROCEDURAL BACKGROUND

1. Plaintiff Lisa J. Nowak, individually and as person representative of the Estate of Richard A. Nowak, ("Plaintiff") filed their Complaint for Damages (the "Complaint") on September 17, 2021.

2. Plaintiff served Encompass with a copy of the Summons and Complaint on September 30, 2021.



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3. Encompass appeared in the Pierce County Superior Court matter on October 12, 2021.

4. The undersigned counsel for Encompass filed a Notice of Withdrawal and Substitution of Counsel on October 22, 2021.

5. Upon information and believe, Plaintiff resides in Pierce County, Washington.

6. Encompass is a Delaware limited liability company, with its principal place of business in Northbrook, Illinois.

7. Upon information and belief, the amount sought by Plaintiff in this lawsuit is believed to be in excess of $75,000. Plaintiff seeks UIM benefits under an insurance policy that, upon information and belief, may provide up to $500,000 in such coverage. Plaintiff seeks treble damages and statutory attorney fees and costs under Washington's Consumer Protection Act under RCW 19.86 *et seq* and the Insurance Fair Conduct Act under, in part, RCW 48.30 *et seq*.

8. Therefore, this Court has jurisdiction over this action under 28 U.S.C. § 1332. As such, removal is proper because this Court has complete diversity of citizenship between Plaintiff and Encompass and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Encompass is filing this Notice of Removal prior to 1 year after commencement of this action. *See* ¶ 1; *see also* 28 U.S.C. § 1446(c).

10. Pursuant to 28 U.S.C. § 1446(d), Encompass is serving a copy of this Notice of Removal on all attorneys of record. Notice of Filing of this Notice of Removal will be filed with the Clerk of the Pierce County Superior Court pursuant to 28 U.S.C. § 1446(d).

## II. PAPERS FROM REMOVED ACTION

11. Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b), attached hereto are true and correct copies of the following documents, which are on file in state court in this action:

**EXHIBIT A:** Complaint for Damages;

**EXHIBIT B:** Summons;



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**EXHIBIT C:** Notice of Appearance;

**EXHIBIT D**: Notice of Withdrawal and Substitution of Counsel.

12. Pursuant to LCR 101(b), Encompass will file with the clerk of the court all additional records and proceedings in the state court, together with defendant's or defense counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding within fourteen (14) days of filing this Notice of Removal.

## III. NOTICE OF REMOVAL IS TIMELY

13. Plaintiff filed the Complaint on September 17, 2021, and served Encompass on September 30, 2021. Therefore, Encompass timely files this Notice of Removal prior to 1 year after commencement of this action pursuant to 28 U.S.C. § 1446(c) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

## IV. BASIS FOR REMOVAL

### A. There is Complete Diversity of Citizenship

14. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and therefore, one that may be removed to this Court under the provisions of 28 U.S.C. § 1441 and § 1446.

15. This case is removable under 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

16. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), which provides: "The district courts shall have original jurisdiction of all civil actions where the



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States…"

17. Plaintiff resides in Pierce County, Washington. *See* **EXHIBIT A**, Complaint at ¶ 1.1.

18. Encompass is a Delaware corporation with its principal place of business in Illinois.

19. Thus, there exists complete diversity of citizenship among the Parties to this action.

**B. The Amount in Controversy Exceeds $75,000**

20. This action may be removed to this Court pursuant 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks in excess of $75,000 in this lawsuit because Plaintiff seeks UIM benefits under an insurance policy that, upon information and belief, may provide up to $500,000 in such coverage, and asserts claims under the Washington Consumer Protection Act and the Insurance Fair Conduct Act, the total amount in controversy includes treble damages and attorneys' fees.[1] *See* **EXHIBIT A**, Complaint at p. 8. In evaluating whether or not a party moving for removal has established that the amount in controversy more likely than not exceeds the jurisdictional requirement, courts can consider the facts stated in the removal petition. *See Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004).

**C. Statutory Requirements of Removal are Fulfilled**

21. WHEREFORE, removal under § 1441 is appropriate when complete diversity of citizenship exists between Plaintiff and Encompass and the amount in controversy exceeds $75,000, exclusive of interest and costs. Because there is complete diversity of citizenship between the Parties and because the amount in controversy exceeds $75,000, this Court has original jurisdiction based on diversity and removal is proper

[1] *See e.g., Call v. Volkswagen Grp. of Am., Inc.*, No. C16-0158-JCC, 2016 WL 9224045, at *3 (W.D. Wash. Mar. 31, 2016) (finding the amount in controversy had been met when including treble damages under the CPA).



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## V. INTRADISTRICT ASSIGNMENT

22. Pursuant to LCR 101(e) and LCR 3(d), the Tacoma Division of the United States District Court for the Western District of Washington is the appropriate intradistrict assignment because Plaintiff filed this matter in Pierce County, Washington.

## VI. CONCLUSION

23. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and the action is between citizens of different states.

24. A copy of this Notice of Removal is being served on all attorneys of record and filed with the Superior Court of Pierce County, Washington.

25. WHEREFORE, having fulfilled the statutory requirements of removal, Encompass respectfully removes this action from Superior Court of Pierce County, Washington to this Court. By seeking removal, Encompass does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

DATED this 26th day of October, 2021.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA # 36590
*s/ Gabrielle K. Lindquist*
Gabrielle K. Lindquist, WSBA # 57177
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600
Fax: (206) 628-6611
Email: eharris@williamskastner.com
glindquist@williamskastner.com

***Attorneys for Defendant***
***Encompass Indemnity Company***

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date below, I caused a true and correct copy of the foregoing document to be delivered to the following parties in the manner indicated:

***Attorneys for Plaintiff:***
Harold D. Carr, WSBA #11767
Adam C. Cox, WSBA #35677
LAW OFFICES OF HAROLD D. CARR. PS
4239 Martin Way E
Olympia, WA 98516-5335
Phone: (360) 455-0030
Email: harold@haroldcarrattorney.com
adam@haroldcarrattorney.com

☑ Via electronic mail
☐ Via U.S. Mail
☐ Via Legal Messenger
☐ Via Facsimile

DATED this 26th day of October, 2021.

*/s/Azra Hadzic*
Azra Hadzic



**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600